IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| MICHAEL MING KIN CHAU, ALICE HAE YONG CHAU, and DAVID WYNN MILLER, | ) ) ) ) | CV. NO. 11-00656 SOM/BMK ORDER DISMISSING ACTION |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BNC MORTGAGE, INC., FANNIE MAE, FREDDIE MAC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DISMISSING ACTION

On October 27, 2011, pro se Plaintiffs Michael Ming Kin Chau, Alice Hae Yong Chau, and David Wynn Miller filed a Complaint against Defendants BNC Mortgage, Inc., Fannie Mae, Freddie Mac, and Mortgage Electronic Registration System, Inc. (Doc. # 1.)

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417

1

F.2d 426, 431 (9th Cir. 1969)). See also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 if it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178-80 (affirming dismissal of complaint because "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (dismissal was erroneous because "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

Plaintiffs are appearing pro se; consequently, the court liberally construes their pleadings. Eldridge v. Block,

832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). Even liberally construed, however, the purported allegations in the Complaint are completely incoherent and utterly fail to state any kind of claim against any Defendant that is remotely plausible on its face.

Plaintiffs' Complaint is nonsensical and lacks any discernible relationship to any basis for judicial relief. It does not contain coherent or complete sentences, let alone identify any specific claims that Plaintiffs are advancing or factual allegations they are making. The court cannot make out a single allegation from the Complaint. The ten single-spaced pages of the Complaint are a random collection of unintelligible words, symbols, and initials laid out in no apparent order. This text does not provide Defendants with fair notice of the wrongs they have allegedly committed. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)(stating that dismissal is appropriate when the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised).

Accordingly, this action is DISMISSED for failure to comply with Rule 8. Amendment shall not be permitted, as it is apparent from the Complaint as well as Plaintiff David Miller's

numerous other filings in this court that he has filed this action in bad faith, and that granting leave to amend would be futile.  See W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility of the amendment); Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile).  Cf. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (requiring leave to amend for pro se litigants unless amendment is futile).

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 6, 2012.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

Chau et al. v. BNC Mortgage, Inc. et al., Civ. No. 11-00656 SOM/BMK; ORDER DISMISSING ACTION